<hr />

IN RE ESTATE OF DOMINGO PÉREZ-VIERA.—JULIA MUÑIZ-RIVERA, Administratrix and Appellant, and JOSÉ A. CANALS ET AL., Petitioners and Appellees.

No. 4516. Argued March 19, 1928.—Decided May 4, 1928.

<hr />

*José E. Díaz* for the appellant. *Blondet & Campillo* for the intervenor-appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On the death of Domingo Pérez Viera several of his creditors petitioned for the administration of his estate, alleging that they did not know whether he had made a will. The district court granted that petition and appointed the widow,

Julia Muñiz Rivera, as administratrix. Later some of the children of the deceased moved the court to set aside its appointment of the administratrix for the reason that Domingo Pérez Viera had left a will in which he designated his children as his heirs and named his brother, Ramón Pérez Viera, as the executor and partitioner of his estate. The court heard the parties and finding the existence of said will undisputed, set aside its appointment of the administratrix. That order was appealed from by administratrix Julia Muñiz Rivera and it is moved that the appeal be dismissed because she is not a party to these proceedings as such administratrix. The motion has not been opposed by the appellant.

A judicial administrator may appeal in his representative capacity when, in such capacity, he is interested and a party aggrieved by the decision appealed from, and he has a right of appeal in proceedings in which he represents the estate under his administration as plaintiff or defendant; in case of his unlawful removal from office, and in other similar cases cited in 3 C. J. page 644, par. 507; but not in the present proceeding wherein the administratrix is not an interested party in her representative capacity, for the proceeding is between the creditors and the heirs and the only question at issue between the real parties is that by reason of the existence of an executor and partitioner of the estate named in the will of Domingo Pérez Viera an administration should not be ordered and consequently the appointment of an administratrix by the court was erroneous.

The widow of Domingo Pérez Viera may have some interest in the estate left on the death of her husband, but she has taken this appeal in her capacity as administratrix and it should be dismissed.

Justices Wolf and Hutchison dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

My dissent in this case is based on the proposition that the principal issues should not be decided before heard.

While the existence of a will might and probably would put an end to the administration, the administratrix has a right to deny the existence of the will or that it was duly proved. Although unlikely, there might have been other reasons why the administration should continue. If the will was not valid her capacity was not at an end. The very facts on which her right to proceed depended should not be assumed against her to dismiss an appeal, but the case should have been heard on its merits.